# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2030

_____

| | | |
|---|---|---|
| Robert Griffin; Julia Griffin, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | United States Tax Court |
| | * | |
| Commissioner of Internal Revenue, | * | [TO BE PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: November 4, 2002

Filed: January 14, 2003 (Corrected: 1/15/03)

_____

Before McMILLIAN and MELLOY, Circuit Judges, and LONGSTAFF,[1]
District Judge.

_____

PER CURIAM.

Robert Griffin, a real estate developer, and his wife, Julia Griffin (together
"appellants"), appeal from an order of the United States Tax Court sustaining the
findings by the Commissioner of Internal Revenue ("Commissioner") that appellants'
1995 and 1996 federal income tax payments were deficient in the amounts of
$47,775 and $53,144, respectively, as a result of improper business expense

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the
Southern District of Iowa, sitting by designation.

deductions. <u>Griffin v. Comm'r</u>, No. 7315-00 (Jan. 8, 2002) (hereinafter "Tax court order"). For reversal, appellants argue that the tax court erred in holding that (1) real property taxes paid by Robert Griffin on behalf of two partnerships were not personally deductible under the circumstances and (2) appellants failed to present sufficient evidence to shift the burden of proof to the Commissioner under 26 U.S.C. § 7491(a). For the reasons stated below, we vacate the order of the tax court and remand the case for further proceedings consistent with this opinion.

Jurisdiction was proper in the tax court under 26 U.S.C. § 6213. Jurisdiction is proper in this court under 26 U.S.C. § 7482. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

## Background

During 1995 and 1996, appellants jointly owned all of the stock of Griffin California Enterprises, Inc. ("Griffin California"), a subchapter S corporation. Griffin California owned 60% of the stock of each of two California partnerships: Orange Tree Commerce Center Partnership ("Orange Tree"), which owned a small shopping mall in Vacaville, California, and Solano Commercial Investors, d.b.a. Texas Jacks ("Texas Jacks"), which owned a western dance hall in Vacaville, California. Neither Robert Griffin nor Julia Griffin is a partner in either Orange Tree or Texas Jacks, nor has any direct ownership interest in either the shopping center or the western dance hall. Orange Tree and Texas Jacks financed the construction of their respective properties with bank loans secured by the properties and personally guaranteed by Robert Griffin.

During the years 1995 and 1996, Robert Griffin paid delinquent real property taxes on behalf of Orange Tree and Texas Jacks to avoid foreclosures on the shopping mall and western dance hall. Appellants claimed these real property tax payments as deductible expenses on their Schedules E, filed with their 1995 and 1996 jointly-filed

personal federal income tax returns ("the 1995 and 1996 returns"). Appellants indicated on their Schedules E that the real property tax payments were paid in connection with rental property they owned in Fairfield, California, which was listed on their Schedules E. In fact, the real property tax payments had nothing to do with appellants' property in Fairfield, California, or any other property listed in Part I of their Schedules E for taxable years 1995 and 1996.

On October 6, 1999, the Commissioner began auditing the 1995 and 1996 returns. The Commissioner determined that appellants had improperly deducted as their own business expenses the real property tax payments made on behalf of Orange Tree and Texas Jacks. The Commissioner concluded that the payments could instead be treated by appellants as capital contributions to their subchapter S corporation, Griffin California, and deducted as business expenses by the Orange Tree and Texas Jacks partnerships, resulting in a flow through of 60% of the deductions to Griffin California. The Commissioner sent appellants a notice of deficiency on May 2, 2000, finding appellants' 1995 federal income tax payment deficient by $47,775 and their 1996 federal income tax payment deficient by $53,144.

Appellants filed a petition in the tax court disputing the Commissioner's notice of deficiency. The Commissioner filed an answer to the petition. See Appendix at 3-7 (petition and answer). A trial was held before the tax court on January 29, 2001. At the start of the trial, the parties submitted to the tax court stipulated facts with attached exhibits which were received into evidence. See id. at 8-105 (joint stipulation of facts and exhibits), 107 (trial transcript at 1). Based upon the stipulated fact that the Commissioner's audit of the 1995 and 1996 returns began after July 22, 1998, the effective date of 26 U.S.C. § 7491(a), counsel for the Commissioner brought the provision's applicability to the attention of the tax court. See id. at 108 (trial transcript at 3).

-3-

Section 7491(a) provides in relevant part:

**(a) Burden shifts where taxpayer produces credible evidence.–**

   **(1) General rule.**– If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue.

26 U.S.C. § 7491(a)(1).

Without conceding the matter, counsel for the Commissioner offered to proceed first at trial in light of the novelty and uncertainty of applying § 7491(a). See Appendix at 110-11 (trial transcript at 5-6). She argued, however, that appellants had not produced sufficient credible evidence to shift the burden to the Commissioner to disprove the deductibility of the real property tax payments because appellants had not introduced "factual evidence regarding the existence of a separate trade or business, distinct from the S-corporations and their partnerships, which were investment activities." Id. at 111 (trial transcript at 6). The tax court ruled that it would proceed at trial "in the normal course of order," and the parties could, in their post-trial briefs, argue the impact of 26 U.S.C. § 7491(a) upon the resolution of the issues. Id. at 114 (trial transcript at 9).

Counsel for appellants called two witnesses: Robert Griffin and William LaRue, a certified public accountant who had prepared appellants' 1995 and 1996 returns. Counsel for the Commissioner cross-examined each of appellants' witnesses, but presented no additional witnesses.

Following the trial and the parties' submission of briefs, the tax court entered the written order presently on appeal. The tax court noted that, as a general rule, "a

taxpayer may not deduct a payment made on another's behalf unless the payment represents an ordinary and necessary expense of the taxpayer's own business, as distinct from the business of another person or of some other entity in which the taxpayer may have an ownership interest." Tax court order at 6 (citing, e.g., Lohrke, 48 T.C. 679 (1967); Gantner v. Comm'r, 905 F.2d 241, 244 (8th Cir.) ("A shareholder is not entitled to a deduction from his or her income for payment of corporate expense."), cert. denied, 498 U.S. 921 (1990)). The tax court recognized an exception to this general rule, however, allowing such a payment to be personally deducted if it qualifies as an ordinary and necessary expense of one's *own* business or trade (hereinafter referred to as "the Lohrke exception").[2] See Lohrke, 48 T.C. at 688.

The tax court next considered the question of which party bore the burden of proof regarding the Lohrke exception, in light of 26 U.S.C. § 7491(a). See Tax Court order at 7-8. Noting that the only statutory prerequisite at issue was whether appellants had introduced "credible evidence" of deductibility, the tax court held that appellants had not met that requirement and therefore retained the burden of proof. See id. at 7-8 & n.3.[3]

---

[2]See also Capital Video Corp. v. Comm'r, 311 F.3d 458, 464-66 (1st Cir. 2002) (discussing and applying the Lohrke exception).

[3]Section 7491(a) provides in full:

 **(1) General Rule.** – If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue.

 **(2) Limitations.** – Paragraph (1) shall apply with respect to an issue only if –

   (A) the taxpayer has complied with the requirements under this

On the merits, the tax court held that appellants had not met their burden to prove that the real property tax payments made by Robert Griffin on behalf of Orange Tree and Texas Jacks were ordinary and necessary expenses of a business or trade separate from the subchapter S corporations in which he and his wife were mere investors. See id. at 8-12. The tax court reasoned:

> [Appellants] have introduced no credible evidence to show that [Robert Griffin] made the tax payments to protect the reputation of any business operation conducted in [appellants'] individual capacities. On the basis of [Robert Griffin's] testimony, we are unable to conclude that the tax payments would have represented ordinary expenses to advance any business carried on in [appellants'] individual capacities, as opposed to capital outlays to establish or purchase goodwill or business standing, or contributions to the capital of Griffin California (consistent with the

---

title to substantiate any item;

(B) the taxpayer has maintained all records required under this title and has cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews; and

(C) in the case of a partnership, corporation, or trust, the taxpayer is described in section 7430(c)(4)(A)(ii).

Subparagraph (C) shall not apply to any qualified revocable trust (as defined in section 645(b)(1)) with respect to liability for tax for any taxable year ending after the date of the decedent's death and before the applicable date (as defined in section 645(b)(2)).

 **(3) Coordination** – Paragraph (1) shall not apply to any issue if any other provision of this title provides for a specific burden of proof with respect to such issue.

26 U.S.C. § 7491(a).

[the Commissioner's] characterization in the notice of deficiency).

Id. at 12 (citations omitted). The tax court thus concluded that the payments in question were not deductible business expenses of appellants and upheld the Commissioner's deficiency findings. In a footnote, the tax court commented: "Even if the burden of proof were placed on [the Commissioner], we would decide the issue in his favor based on the preponderance of the evidence." Id. at 9 n.4.

This appeal followed.

## Discussion

26 U.S.C. § 7491(a)

We begin by addressing the burden-of-proof issue. Appellants challenge the tax court's holding that they did not present credible evidence on the factual issue of whether Robert Griffin made the real property tax payments to protect or promote his own real estate and construction business. The evidence upon which appellants rely is Robert Griffin's testimony that he had been a building contractor and real estate developer since 1965, that he had developed 25 to 30 major projects, that obtaining financing is essential to a successful real estate development business, and that a default on the Orange Tree and Texas Jacks loans would have, in effect, destroyed his ability to obtain future financing. Robert Griffin testified: "I had to pay [the real property taxes] to preserve my integrity and my standing with the bank, and my good name, my good will. And in order to stay in business, I had to pay the taxes." Appendix at 120 (Trial transcript at 15). Appellants further argue that their 1995 and 1996 returns corroborated Robert Griffin's testimony because, on each return, Schedule C shows the principal business of Robert Griffin as "construction." Appellants maintain that § 7491(a) was enacted by Congress to "bring some balance to the Tax Court," where previously the presumption of correctness afforded the

-7-

Commissioner, combined with the burden of proof resting on the taxpayer, put taxpayers at a "severe disadvantage." Brief for Appellants at 22.

In response, the Commissioner points out that a deduction is "a matter of legislative grace" and the taxpayer generally must establish the statutory and factual bases for any deduction claimed. Brief for Appellee at 21 (quoting New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934)). Moreover, as a general rule, the Commissioner's deficiency findings are generally presumed correct and must be disproved by the taxpayer by a preponderance of the evidence. Id. The Commissioner concedes that § 7491(a) applies in the present case because the Commissioner began auditing the 1995 and 1996 returns after July 22, 1998, the effective date of the statute. Nevertheless, the Commissioner argues, the burden of proof does not shift in the present case because Robert Griffin's testimony, even if uncontradicted, was facially implausible. The Commissioner further argues that Robert Griffin's testimony was not credible because the 1995 and 1996 returns and the testimony of appellants' own accountant, William LaRue, established that the real property tax payments in question were made in connection with the business of their subchapter S corporations, which were listed on their Schedules E. Therefore, the Commissioner concludes, Robert Griffin's uncorroborated and self-serving testimony was not enough to overcome the clear evidence of non-deductibility and did not create any issue of fact under Lohrke and its progeny. Finally, the Commissioner argues, this burden-shifting issue is irrelevant because the tax court determined that the Commissioner would prevail even if he bore the burden of proof. See Tax court order at 9 n.4.

We review the tax court's interpretation of a federal statute *de novo*. See, e.g., Lee v. Ernst & Young, LLP, 294 F.3d 969, 974 (8th Cir. 2002) ("We review the

district court's interpretation of a federal statute *de novo*.").[4]  In interpreting the term "credible evidence" in § 7491(a)(1), we adopt the definition suggested by the Commissioner, which is sensible, consistent with the law's underlying purpose, and derived from the legislative history.  See Lee v. Ernst & Young, LLP, 294 F.3d at 976 (when the meaning of a statute is questionable, courts should give it a construction that is sensible and comports with the conditions and purposes of its enactment).  Accordingly, we hold that "credible evidence," for purposes of interpreting and applying § 7491(a)(1), is "the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue *if no contrary evidence were submitted* (without regard to the judicial presumption of IRS correctness)."  Brief for Appellee at 22 (emphasis added); accord Okerlund v. United States, 53 Fed. Cl. 341, 356 n.23 (Fed. Cl. 2002) (adopting same definition based upon legislative history).

Viewing Robert Griffin's testimony in the absence of any evidence or presumptions to the contrary, we conclude that appellants *did* produce sufficient "credible evidence" to support their personal deductions of the real property tax payments at issue.  We therefore hold that the tax court erred in failing to shift to the Commissioner the burden to prove the non-applicability of the Lohrke exception in the present case.  Cf. Capital Video Corp. v. Comm'r, 311 F.3d 458, 465-66 (1st Cir. 2002) (holding that the burden of proof did not shift to the Commissioner where the taxpayer presented no evidence linking the payments in question to the promotion of the taxpayer's business).

Our application of 26 U.S.C. § 7491(a) in the present case does not resolve the merits of the deficiency issues.  On the record before us, we cannot determine

_____

[4]Under 26 U.S.C. § 7482(a)(1), we review decisions of the tax court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury."

whether the Commissioner has met his burden of proof. It is not sufficient to summarily conclude that the outcome is the same regardless of who bears the burden of proof; if that were the case, § 7491(a) would have no meaning. We therefore remand the case to the tax court for further proceedings on the merits. On remand, the tax court may reconsider all of the evidence properly before it or hold a new hearing. In either case, the tax court is instructed to make new findings of fact in light of the shifted burden of proof. If the same conclusion is reached by the tax court without a new hearing, an explanation is warranted as to how the existing record justifies the conclusion that the Commissioner has met his burden of proof.

## Conclusion

For the reasons stated, we vacate the tax court's order and remand the case for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.