T.C. Memo. 2004-64


UNITED STATES TAX COURT


ROBERT GRIFFIN AND JULIA GRIFFIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 7315-00.            Filed March 11, 2004.


<u>James Allen Brown</u>, for petitioners.

<u>H. Elizabeth Downs</u>, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION


THORNTON, <u>Judge</u>:  This case is before this Court on remand
from the U.S. Court of Appeals for the Eighth Circuit for further
consideration consistent with its opinion in <u>Griffin v.
Commissioner</u>, 315 F.3d 1017 (8th Cir. 2003), vacating and

———————————

    [*] This Memorandum Opinion supplements our previously filed
opinion in <u>Griffin v. Commissioner</u>, T.C. Memo. 2002-6, vacated
and remanded 315 F.3d 1017 (8th Cir. 2003).

remanding T.C. Memo. 2002-6. The issue for decision on remand is whether respondent has met his burden of proving that petitioners are not entitled to deduct as business expenses certain real property taxes paid by Mr. Griffin with respect to properties owned by two partnerships in which petitioners' wholly owned S corporation was a partner.

In our original opinion, we sustained respondent's determination that petitioners were not entitled to deduct the real property tax payments. In doing so, we held that the burden of proof was not placed on respondent pursuant to section 7491(a)(1), because we found that petitioners failed to introduce credible evidence that they were engaged, in their individual capacities, in a trade or business for which the tax payments would have represented ordinary and necessary expenses.[1] See, e.g., Lohrke v. Commissioner, 48 T.C. 679 (1967).

On appeal, the Court of Appeals for the Eighth Circuit held that petitioners "did produce sufficient 'credible evidence' to support their personal deductions of the real property tax payments at issue." Griffin v. Commissioner, supra at 1021. Accordingly, the Court of Appeals held that the burden of proof should be placed on respondent pursuant to section 7491(a)(1) and remanded this case for further consideration on the merits as to

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code as amended.

whether respondent had met his burden of proof.  Id. at 1021-

1022.  The Court of Appeals stated:

> Our application of 26 U.S.C. § 7491(a) in the
> present case does not resolve the merits of the
> deficiency issues.  On the record before us, we cannot
> determine whether the Commissioner has met his burden
> of proof.  It is not sufficient to summarily conclude
> that the outcome is the same regardless of who bears
> the burden of proof; if that were the case, § 7491(a)
> would have no meaning.  We therefore remand the case to
> the tax court for further proceedings on the merits.
> On remand, the tax court may reconsider all of the
> evidence properly before it or hold a new hearing.  In
> either case, the tax court is instructed to make new
> findings of fact in light of the shifted burden of
> proof.  If the same conclusion is reached by the tax
> court without a new hearing, an explanation is
> warranted as to how the existing record justifies the
> conclusion that the Commissioner has met his burden of
> proof.  [Id. at 1022.]

After the remand, we afforded the parties an opportunity for

a new hearing.  The parties agreed, however, that a new hearing

was unnecessary and requested that we reconsider the case on the

existing record after further briefing.

## Background

Facts with respect to this case were found in our original

opinion in Griffin v. Commissioner, T.C. Memo. 2002-6.  Those

facts, which are not in dispute, are incorporated by this

reference.

Petitioners owned all the stock of Griffin California

Enterprises, Inc. (Griffin California), an S corporation.  In

turn, Griffin California held a 60-percent interest in each of

two partnerships (Orange Tree Commerce Center Partnerships and Solano Commercial Investors) which owned certain commercial real properties in Vacaville, California.

During 1995 and 1996, Mr. Griffin personally paid delinquent real property taxes that had accrued with respect to the partnerships' Vacaville real properties. These payments (the tax payments) totaled $426,566 in 1995 and $501,742 in 1996. On Schedules E, Supplemental Income and Loss, attached to petitioners' 1995 and 1996 joint Federal income tax returns, petitioners claimed the tax payments as deductible expenses. Petitioners also attached Schedules C, Profit or Loss From Business, to their 1995 and 1996 joint returns reporting income and loss from certain "construction" activities.

In the notice of deficiency, respondent disallowed petitioners' claimed deductions for the tax payments and instead treated the tax payments as petitioners' capital contributions to Griffin California and as deductible expenses of the partnerships, resulting in a flowthrough of 60 percent of the deductions to Griffin California.

## Discussion

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. An expenditure is "ordinary and necessary" if it is directly connected with, or proximately

related to, the taxpayer's trade or business activities.
Sutherland Lumber-Southwest, Inc. v. Commissioner, 114 T.C. 197,
200 (2000), affd. 255 F.3d 495 (8th Cir. 2001).

As a general rule, a taxpayer's payment of another person's
obligation is not an ordinary and necessary business expense.
Deputy v. duPont, 308 U.S. 488 (1940); Welch v. Helvering, 290
U.S. 111, 114 (1933).  Under this rule, a shareholder, even a
majority or sole shareholder, is not entitled to deduct his
payments of his corporation's expenses.  Rink v. Commissioner, 51
T.C. 746, 751 (1969).[2]  An exception (the so-called Lohrke
exception) to this general rule may apply if a taxpayer pays
someone else's expenses to protect or promote his own separate
trade or business.  See, e.g., Gould v. Commissioner, 64 T.C.
132, 134-135 (1975); Lohrke v. Commissioner, supra.[3]  In a recent
opinion, the U.S. Court of Appeals for the First Circuit
described this exception as involving a twofold test:

---

[2] Moreover, "Payments made * * * with the purpose of keeping
in business a corporation in which the taxpayer holds an interest
are not deductible."  Betson v. Commissioner, 802 F.2d 365, 368
(9th Cir. 1986) (citing Madden v. Commissioner, T.C. Memo. 1980-
350), affg. on this issue T.C. Memo. 1984-264.  Such amounts
constitute either a loan or a contribution of capital to the
corporation and are deductible, if at all, by the corporation.
Id.; Bronston v. Commissioner, T.C. Memo. 1975-5.

[3] This exception typically applies only where the taxpayer
pays the obligations of another person or entity in financial
difficulty and where the obligor's inability to meet his
obligations threatens the taxpayer's own business with direct and
proximate adverse consequences.  Hood v. Commissioner, 115 T.C.
172, 180-181 (2000); see also Square D Co. v. Commissioner, 121
T.C. 168, 200 (2003).

> First, the tax court must "ascertain the purpose or
> motive which [caused] the taxpayer to pay the
> obligations of the other person." To meet this prong,
> the expense must have been made primarily to benefit
> the taxpayer's business; any benefit conferred on the
> party whose expenses are being paid must be only
> incidental. Second, the tax court "must then judge
> whether it is an ordinary and necessary expense of the
> [taxpayer's] trade or business; that is, is it an
> appropriate expenditure for the furtherance or
> promotion of that trade or business? If so, the
> expense is deductible by the individual paying it."
> Lohrke, 48 T.C. at 688. [Capital Video Corp. v.
> Commissioner, 311 F.3d 458, 464 (1st Cir. 2002), affg.
> T.C. Memo. 2002-40; some citations omitted.]

The second part of this test requires that the expense arise in
connection with the business activities of the taxpayer paying
the expense. Id. at 465; see also Lettie Pate Whitehead Found.,
Inc. v. United States, 606 F.2d 534, 538 (5th Cir. 1979)
(observing in the Lohrke line of cases "a direct nexus between
the purpose of the payment and the taxpayer's business or income
producing activities").

In our original opinion, we held that petitioners failed to
introduce "credible evidence", within the meaning of section
7491(a)(1), that they were engaged in their individual capacities
in a trade or business for which the tax payments would have
represented ordinary and necessary expenses. Griffin v.
Commissioner, T.C. Memo. 2002-6. In making this determination,
we adopted the following definition of "credible evidence" as
found in the legislative history of section 7491:

> "Credible evidence is the quality of evidence which,
> after critical analysis, the court would find
> sufficient upon which to base a decision on the issue

> if no contrary evidence were submitted (without regard
> to the judicial presumption of IRS correctness)." [Id.
> (quoting H. Conf. Rept. 105-599, at 240-241 (1998),
> 1998-3 C.B. 747, 994-995)]

Applying this legal standard, we examined all the evidence that petitioners introduced, including the "summary and uncorroborated" testimony of Mr. Griffin, the Schedules C and E attached to petitioners' joint Federal income tax returns for 1995 and 1996, and the testimony of William LaRue, petitioners' accountant and tax return preparer.[4]  Id.  We concluded that the "sparse evidence" introduced by petitioners was insufficient upon which to base a decision that petitioners were "individually engaged in a trade or business, within the meaning of section

---

[4] The evidence in this case consisted then (and consists now) of 18 numbered stipulations of fact, 4 joint exhibits, and direct and cross-examination testimonies of Mr. Griffin and Mr. William LaRue, petitioners' accountant and tax return preparer (Mr. LaRue).  The joint exhibits consist of:  (1) Petitioners' joint Federal income tax return for 1995, (2) petitioners' joint Federal income tax return for 1996, (3) the statutory notice of deficiency, and (4) an unsigned and undated "Stipulation and Order" apparently relating to a suit that the City of Vacaville, Cal., and the County of Solano had apparently brought against Orange Tree Commerce Center Partnerships, among other defendants (not including petitioners), with respect to certain delinquent special assessments.  At the trial of this case, petitioners introduced Mr. Griffin's and Mr. LaRue's testimonies. Petitioners submitted no additional evidence other than these two witnesses' testimonies, the stipulated facts, and the joint exhibits.  The evidence offered on behalf of respondent was limited to the stipulations, joint exhibits, and cross-examination of Mr. Griffin and Mr. LaRue.

162, with respect to which the tax payments would represent ordinary and necessary expenses."[5]  Id.  Accordingly, we concluded that petitioners had failed to carry their burden of proof.

In Griffin v. Commissioner, 315 F.3d at 1021, the Court of Appeals for the Eighth Circuit employed the same definition of credible evidence that this Court had adopted from the relevant legislative history:  "'the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness).'"  Unlike this Court, however, the Court of Appeals found that petitioners had introduced "credible evidence", apparently as to all relevant factual issues, so as to place the burden of proof on respondent with respect to all factual issues. Id.  The Court of Appeals stated:

> Viewing Robert Griffin's testimony in the absence of
> any evidence or presumptions to the contrary, we
> conclude that appellants did produce sufficient

_____

[5] Further, we found no evidence of some of the remaining requirements for applying the exception of Lohrke v. Commissioner, 48 T.C. 679 (1967).  For example, we found no evidence in the record to show that the partnerships themselves lacked the resources to satisfy the real property taxes.  We also found no credible evidence to indicate to what extent Mr. Griffin's failure to make the tax payments would have damaged his reputation or creditworthiness, particularly in light of the fact that Mr. Griffin was not personally liable for the tax payments in question and was only secondarily and contingently liable as guarantor of the construction loans that were secured by the partnerships' real properties.

"credible evidence" to support their personal
deductions of the real property tax payments
at issue.  [Id.[6]]

The relevant legislative history provides that once a
taxpayer has introduced credible evidence sufficient to place the
burden of proof on the Commissioner: "If after evidence from both
sides, the court believes that the evidence is equally balanced,
the court shall find that the Secretary has not sustained his
burden of proof."  H. Conf. Rept. 105-599, at 241 (1998), 1998-3
C.B. 747, 995.  The record before us now is the same as was
before us originally and as was before the Court of Appeals.  The
Court of Appeals has found petitioners' evidence credible.
Whatever adverse inferences we might draw from the evidence

---

[6] In reaching this conclusion, the Court of Appeals for the
Eighth Circuit did not expressly differentiate between Mr.
Griffin's direct and cross-examination testimony.  In the absence
of any contrary indication, we assume that the Court of Appeals
considered both Mr. Griffin's direct and cross-examination
testimony.
    We do not construe the opinion of the Court of Appeals as
standing for the proposition that, in assessing the credibility
of evidence for purposes of deciding the placement of the burden
of proof pursuant to sec. 7491(a)(1), the trial court is required
to accept at face value self-serving testimony which it finds
unworthy of belief.  See, e.g., Day v. Commissioner, 975 F.2d
534, 538 (8th Cir. 1992) (stating that "The Tax Court is not
required to give credence to the self-serving testimony of
interested parties."), affg. in part, revg. in part and remanding
T.C. Memo. 1991-140.  As stated in the relevant legislative
history of sec. 7491:  "The introduction of evidence will not
meet this standard [of credible evidence] if the court is not
convinced that it is worthy of belief."  H. Conf. Rept. 105-599,
at 241 (1998), 1998-3 C.B. 747, 995; cf. Kincade v. Mikles, 144
F.2d 784, 787 (8th Cir. 1944) ("As to the contention that the
evidence is unworthy of belief, it need only be said that it was
the function of the trial court to pass upon the credibility of
the witnesses and the weight to be given their testimony.").

(assuming that the opinion of the Court of Appeals does not foreclose our drawing such inferences) are insufficient to overcome petitioners' evidence, viewed in the light of the degree of credibility that the Court of Appeals has assigned to it.

For example, on remand, respondent places considerable reliance on the fact that petitioners reported the tax payments in question on Schedules E as S corporation expenses relating to misidentified real properties, rather than on Schedules C as expenses of a business conducted by petitioners in their individual capacity. Ultimately, however, whatever adverse inferences we might draw from such facts appear to be overcome by what the Court of Appeals believed to be credible testimony by Mr. Griffin that the tax payments in question were made with respect to a separate trade or business in which Mr. Griffin was individually engaged.

Likewise, the remaining evidence in the record, consisting largely of the stipulated facts and the joint exhibits, does not directly establish or refute petitioners' allegation that they were individually engaged in a separate trade or business apart from their investments in S corporations and partnerships. Any inferences that we might draw from this evidence (or lack thereof) would not overcome Mr. Griffin's testimony in light of the degree of credibility assigned to it by the Court of Appeals.

Giving effect to the Court of Appeals' conclusion that Mr. Griffin's testimony was credible and sufficient to place the

burden of proof on respondent, we conclude that respondent has offered insufficient contrary evidence to overcome petitioners' evidence.[7]  Accordingly, respondent has failed to sustain his burden of proof.

<u>Decision will be entered</u>

<u>for petitioners</u>.

---

[7] In our original opinion, we noted:  "Even if the burden of proof were placed on respondent, we would decide the issue [as to the deductibility of the tax payments] in his favor based on the preponderance of the evidence."  T.C. Memo. 2002-6 n.4.  This statement reflected this Court's conclusion that Mr. Griffin's testimony was not only insufficient to support petitioners' claim to ordinary and necessary business deductions but indeed undermined their claim, insofar as Mr. Griffin's testimony convinced us that his relevant business activities were conducted entirely through S corporations.  In light of the Court of Appeals' conclusion that Mr. Griffin's testimony was sufficient to support the claimed deductions, the preponderance of the evidence, thus evaluated, is no longer in respondent's favor.