**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 26 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LISA B. WILLIAMS,

      Petitioner-Appellant,

v.

COMMISSION OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 03-9004
(Tax Court)
(T.C. No. 12030-99)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **LUCERO**, Circuit Judge.

This is a tax case that started out as a criminal investigation. However, on December 18, 1998, the Internal Revenue Service issued the taxpayer a "non-prosecution" letter and opened a civil tax examination of her timely filed individual tax returns for the years of 1993, 1994 and 1995.

After completing its investigation, the Commission of Internal Revenue (Commissioner) on April 13, 1999, issued Lisa B. Williams (taxpayer) and her husband,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jeffrey Williams, a notice of tax deficiency, stating therein that the Commissioner disagreed with the taxpayer's exclusion from her gross income of three payments of monies given her by her employer for the years 1993, 1994, and 1995.[1]  The Commissioner, after hearing, determined that there were deficiencies in taxpayer's returns for 1993, 1994, and 1995 and assessed penalties therefor under 26 U.S.C. § 6662(a)  On July 6, 1999, the taxpayer filed a timely petition with the United States Tax Court seeking a redetermination of the deficiencies and an abatement of the penalties.  After a trial, the Tax Court, on August 25, 2003, entered its decision which upheld the determination of the Commissioner.  82 T.C.M. (CCH) 1113 (2003).   On November 28, 2003, the taxpayer filed a timely notice of appeal in the Tax Court.  Jeffrey Williams did not file a notice of appeal and is not a party to this appeal.  We have jurisdiction pursuant to 26 U.S.C. § 7482.

Taxpayer was employed as a staff radiation therapist by Deland & Noell, a corporation in Lafayette, Louisiana, starting in 1985, when she was 21 years old.  She continued to work there through mid-1996, when she resigned, shortly after her sister, who was also employed by the corporation, was discharged.  The corporation provided treatment to cancer patients and was owned and operated by Drs. Thomas Noell and Maitland Deland, who were husband and wife.  As the corporate business expanded and

---

[1]For each of the three years, the taxpayer filled a joint return with her husband, Jeffrey Williams.  In 1993, their return was prepared and filed by a commercial return preparer.  The returns for 1994 and 1995 were prepared by taxpayer's husband.

opened multiple treatment centers, taxpayer was promoted in 1991 to Chief Therapist and then in 1993 to Corporate Chief Therapist, where she supervised all of the corporation's radiation therapists. From 1991 through 1995, the corporation was in a period of expansion and opened cancer treatment centers in multiple geographical locations. During her employment at Deland & Noell, taxpayer became a close personal friend and confidante of Dr. Deland, who was president and a shareholder of the corporation, and the two women and their families frequently spent time together outside of the work place.

Taxpayer received the following annual salary and bonuses from the corporation from 1989 through 1995:

|      | salary   | bonus    |
|------|----------|----------|
| 1989 | $38,000  | $ 1,000  |
| 1990 | 41,800   | 1,750    |
| 1991 | 47,500   | 2,500    |
| 1992 | 51,100   | 11,000   |
| 1993 | 56,293   | 25,000   |
| 1994 | 59,243   | 35,000   |
| 1995 | 62,857   | 35,000   |

As we understand it, the bonuses received by the taxpayer through 1992 were included by the taxpayer in her personal tax returns as being gross income, but they were not included on her tax returns for 1993, 1994 and 1995, and therein lies our problem. Taxpayer claims that under 26 U.S.C. § 102(a) the payments for the years here in question qualified as a "gift" from her employer, Dr. Maitland Deland, and were not a bonus, as such. Of the three checks with which we are concerned, two contained thereon

the notation "bonus." The W-2 forms that the taxpayer received for 1993, 1994 and 1995 did not include the amounts given the taxpayer for those years by her employer. However, early in 1997, the corporation issued corrected W-2s to the taxpayer that included the additional compensation for those years. The taxpayer made no effort to thereafter file amended returns for the years here in question. The Commissioner determined the amounts paid taxpayer by her employer for those years were not a gift, but performance bonuses and that, accordingly, there were deficiencies in the taxpayer's federal income tax returns for the years 1993, 1994 and 1995, and assessed penalties therefor, all of which were approved by the Tax Court. Those were as follows:

| Year | Deficiency | Penalty Sec. 6662 (a) |
|------|-----------|----------------------|
| 1993 | $ 7,000 | $1,400 |
| 1994 | 10,437 | 2,087 |
| 1995 | 10,725 | 2,145 |

Our jurisdiction to review decisions of the Tax Court appears at 26 U.S.C. § 7482, which reads as follows:

§ 7482.  Courts of review

(a) Jurisdiction. –

(1) In general.–The United States Courts of Appeals (other than the United States Court of Appeals for the Federal Circuit) shall have exclusive jurisdiction to review the decisions of the Tax Court, except as provided in section 1254 of Title 28 of the United States Code, <u>in the same manner and to the same extent as decisions of the district courts in civil actions</u>

- 4 -

tried without a jury; and the judgment of any such court shall be final, except that it shall be subject to review by the Supreme Court of the United States upon certiorari, in the manner provided in section 1254 of Title 28 of the United States Code.  (Emphasis added.)

Concerning the burden of proof in a proceeding before the Tax Court, 26 U.S.C. § 7491 provides as follows:

§ 7491.  Burden of proof

(a) Burden shifts where taxpayer produces credible evidence.--

(1) General rule.–If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue.
(2) Limitations.–Paragraph (1) shall apply with respect to an issue only if–
          (A) the taxpayer has complied with the requirements under this title to substantiate any item;
          (B) the taxpayer has maintained all records required under this title and has cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews.
          (Emphasis added.)

On appeal, counsel for the taxpayer's first, and perhaps main, argument is that the

Tax Court did not follow the mandate of 26 U.S.C. § 7491 and, on the contrary, the Tax

- 5 -

Court placed the burden of proof on the taxpayer and not the government. In connection with counsel's argument on this particular matter, taxpayer seeks an order of this Court vacating the decision of the Tax Court and remanding the case to the Tax Court, directing it to reassess the question of any deficiency and penalty in accord with 26 U.S.C. § 7491(a). The Commissioner, *inter alia,* argues that §7491 does not apply to the present case because of its effective date, and that, in any event, this issue was not raised in the Tax Court and therefore, in accord with the general rule, may not be raised for the first time on appeal in this Court. In this regard, the matter was mentioned by counsel for the taxpayer in the Tax Court in his opening statement before any testimony was taken. The colloquy between the Tax Court and counsel for the taxpayer, was, in its entirety, as follows:

> THE COURT: All right. Now, is there any question about who has the burden of going forward this morning?

> MS. BARKLEY: Yes, I believe there is.

> THE COURT: All right. Well, maybe we should hear that first. Mr. Walker, do you want to address that?

> MR. WALKER: Yes, Your Honor. Counsel for the Petitioner has raised the changes in the federal tax code addressing burden of proof, contending that the examination here commenced after the effective date of – I believe it's Section 74.

> THE COURT: 91?

> MR. WALKER: 91. Yes, Your Honor. And under that provision, it believes that the burden of proof falls with the Commissioner.

THE COURT: Well, you have to meet certain requirements, as I understand it. Are you prepared to show that your client has met those requirements?

MR. WALKER: What we'd like to do, Your Honor, is provide a set of affidavits and briefings addressing just the burden of proof issue.

THE COURT: Well, let me ask you this, Mr. Walker. I think that it's important that you raise this at this time, as the trial begins. But, on the other hand, I would ask you – do you think that the burden of proof – or who goes forward with the evidence – is going to make a big difference in this case? And, if so, tell me how it will.

MR. WALKER: (No response.)

THE COURT: Is there going to be – is the Government going to, like – they could call your client as a witness and then the trial starts and you're just where you were, depending on who called them. And, this – from what I see of the record here, this is a straightforward question. It's a question of your client's testimony and some documents.

MR. WALKER: It's a very factual issue.

THE COURT: Right. It's factual-driven. I'm going to hear the testimony of a witness and see some documents. And so it's not going to be a situation where one party puts on some startling piece of evidence and rests. And then the other side is just stuck without a paddle or canoe, you know. It's the kind of thing where I'm going to weigh the evidence.

I mean, I don't know – do you want to really use up a lot of transcript time arguing about who starts?

MR. WALKER: Not particularly, Your Honor. We're anxious to get to the testimony and have the trial go forward.

As far as we can tell from the present record, the foregoing is the only mention of

26 U.S.C. § 7491(a) during the entire proceeding in the Tax Court. The matter was never

mentioned again during the ensuing trial, nor was it raised or referred to in any post-trial

proceeding. It is on this basis that the Commissioner argues in this Court that the issue was not raised in the Tax Court, and therefore cannot be raised in this Court for the first time. We agree with the Commissioner.[2] *See Tele-Communications, Inc. v. C.I.R.*, 104 F.3d 1229, 1233 (10th Cir. 1997) ("Thus, an issue must be 'presented to, considered [and] decided by the trial court' before it can be raised on appeal.")

In connection with the "burden of proof" referred to in 26 U.S.C. § 7491(a), the statute states that the "shifting" occurs only after the "taxpayer introduces credible evidence with respect to any <u>factual issue</u> relevant to ascertaining the liability of the taxpayer. . . ." As far as we can tell, in the instant case there was really no dispute as to the "facts." Taxpayer and Dr. Deland were indeed "close friends." The real question is whether, under the tax statutes, the facts of this case show a genuine "gift," or, on the contrary, a taxable "bonus payment." Such, in this case, although a mixed question of fact and law, is primarily a legal question, which we review *de novo*. *Armstrong v. Commissioner,* 15 F.3d 970, 973 (10th Cir. 1994). We shall proceed to the ultimate question in this case of whether the payments in 1993, 1994 and 1995 by the corporation to the taxpayer were under applicable law, taxable income which should have been

---

[2]In arguing for a remand and reconsideration by the Tax Court, after placing the burden of proof on the Commissioner, counsel relies on *Griffin v. C. I. R.,* 315 F.3d 1017 (8th Cir. 2003). However, in that case 26 U.S.C. § 7491 was definitely raised in the Tax Court, in fact it was raised by the Commissioner. In that case the Eighth Circuit reversed the Tax Court which had found that the taxpayer had <u>not</u> introduced "credible evidence," and hence no "shifting" was required.

included as gross income on taxpayer's income tax returns.

In this regard, 26 U.S.C. § 102(a) provides that as a general rule "gross income does not include the value of property acquired by gift, bequest, devise or inheritance." However, 26 U.S.C. § 102(c)(1) provides as follows:

> (c) Employee gifts –
>     (1) In general – Subsection (a) shall <u>not</u> exclude from gross income any amount transferred by or for an employer to, or for, the benefit of, an employee. (Emphasis added.)

There are certain exceptions to 26 U.S.C. § 102(c)(1), none of which have any present pertinency.

Counsel for taxpayer in this Court argues that § 102(c)(1) is not dispositive of the matter, and that the payments in 1993, 1994 and 1995 from taxpayer's employer to the taxpayer were, in fact, and in law, a gift and governed by 102(a). We disagree. We believe this argument is foreclosed by 102(c)(1), which rather clearly states that amounts transferred by an employer to and for an employee are <u>not</u> to be excluded from employee's gross income. The fact that the taxpayer in our case and Dr. Deland were close personal friends does not change the result. It was still a payment by an employer to an employee. Whether they were close friends or casual friends makes no difference in the tax consequences of such a payment.[3] We note that Dr. Deland filed no gift tax

---

[3]In the Tax Court, the taxpayer called two witnesses, herself and her sister. The Commissioner called two witnesses, Marvin K. Sullivan, chief operating officer of the company, and an accountant from an independent accounting firm, which in 1996 examined the company's books and records. Dr. Maitland Deland, the alleged donor, did

returns for the amounts here in issue.

Taxpayer's final argument is that the Tax Court erred in assessing penalties for her failure to include as gross income the amounts received in 1993, 1994 and 1995 from her employer in excess of her salary. Taxpayer claims that she relied on the W-2s issued by her employer therefore she was not negligent in failing to report this income. This issue, though set forth in taxpayer's opening brief, (no reply brief was filed) was not addressed by either counsel at oral argument. The Commissioner, in his answer brief in this Court, contends that the record justified the penalties imposed.

26 U.S.C. § 6662 provides as follows:

> § 6662. Imposition of accuracy-related penalty.
>
> (a) Imposition of penalty.–If this section applies to any portion of an underpayment of tax required to be shown on a return, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which this section applies.
> (b) Portion of underpayment to which section applies.–This section shall apply to the portion of any underpayment which is attributable to 1

---

not testify. At trial it was disclosed that Sullivan, himself, had received W-2s from the corporation that did not disclose his bonuses, which were $75,000, $100,000 and $125,000 for the years 1993, 1994 and 1995. Sullivan later pleaded guilty to filing a false return for 1995, and, *inter alia,* made restitution of the omitted amounts for all three years. In her own testimony, taxpayer made no statement that the amounts here in question were "gifts" from Dr. Deland, and there is no other evidence in the record that these payments were made "exclusively for personal reasons . . . and entirely unrelated to the employment relationship and reflect[ing] no anticipation of business benefit." T.C. Memo. 2003-97 at 8. Under any burden of proof, the payments were not gifts.

or more of the following:

> (1) Negligence or disregard of
> rules or regulations.

In assessing the penalties the Commissioner imposed, the Tax Court concluded that taxpayer was "negligent" in the sense that the taxpayer failed "to do what [a] reasonable and ordinarily prudent person would do under the circumstances," amounting to a "disregard of rules and regulations," citing *Korshin v. Commissioner,* 91 F.3d 670, 672 (4th Cir. 1996.) *See also Anderson v. C.I.R.*, 62 F.3d 1266, 1271 (1995).  In so doing, the Tax Court opined that "'negligence' includes the failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code."  Under the facts and circumstances of the case at hand, we conclude that the Tax Court did not err in its imposition of penalties under 26 U.S.C. § 6662.   We  agree with counsel that the taxpayer may avoid a penalty if "she had a reasonable cause for the understatement and acted in good faith."  However, the Tax Court found that the taxpayer had not so acted, and the record, viewed in its entirety, supports its determination.

Taxpayer again argues, in her brief,  that §7491 applies and that the Tax Court applied the wrong burden of proof.  In this regard, 26 U.S.C. §7491(c) provides as follows:

> (c) Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title.

- 11 -

Commissioner again argues that the effective date of §7491(c) precludes its application here, and that in any event, the issue was not raised in the Tax Court. Be that as it may, we agree that the Commissioner presented sufficient evidence of taxpayer's negligence to warrant the imposition of the penalty under either burden of proof.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge