MEMORANDUM ***
Even assuming this court can review pretrial motions after a trial on the merits, cf. Locricchio v. Legal Servs. Corp., 833 F.2d 1352, 1359 (9th Cir.1987), Alemasov’s pretrial motions to exclude evidence and for summary adjudication were properly denied. Rather than presume Alemasov was engaged in business, the Notice of Deficiency made Alemasov’s engagement in business a predicate issue on which her deductions depended. Indep. Elec. Supply, Inc. v. Comm’r., 781 F.2d 724, 726 (9th Cir.1986) (stating that, “for a deduction to be taken under [26 U.S.C. § 162] ... the expense must arise in or in connection with a ‘trade or business’ ”). In addition, because there was a genuine issue of material fact whether Alemasov had substantiated her expenses as required under 26 U.S.C. § 274, there was no error in the Tax Court’s denial of Alemasov’s motion for summary adjudication. See Tax Ct. R. 121(b).
The Tax Court did not err in denying Alemasov’s motion to shift the burden of proof to the government under 26 U.S.C. § 7491, because Alemasov did not proffer evidence “which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted.” Griffin v. Comm’r., 315 F.3d 1017, 1021 (8th Cir.2003) (internal quotation marks and emphasis omitted). Contrary to Alemasov’s argument, Griffin does not stand for the proposition that any testimony offered by the taxpayer is sufficient to shift the burden of proof to the government. Id. A tax court “is not compelled to believe evidence which to it seems improbable, or to accept as true uncorroborated evidence of interested witnesses even though uncontradicted.” Blodgett v. Comm’r., 394 F.3d 1030, 1035-36 (8th Cir.2005) (citing Marcella v. Comm’r., 222 F.2d 878, 883 (8th Cir.1955)).
Finally, the Tax Court did not err in allowing the Commissioner to argue that Alemasov’s claimed business expenses failed to meet the requirements of 26 U.S.C § 274(d). The Notice of Deficiency expressly raised the issue of substantiation, and Alemasov’s substantiation did not meet the statutory requirements of section 274(d).
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.