T.C. Memo. 2010-156

UNITED STATES TAX COURT

ESTATE OF KEITH K. ROBERTS, DECEASED, JANE A. ROBERTS, SURVIVING
SPOUSE AND JANE A. ROBERTS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5513-06.                    Filed July 21, 2010.

<u>Kevin M. Sullivan</u>, for petitioners.

<u>Anita A. Gill</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined deficiencies in the
joint income tax of Keith Roberts and Jane Roberts for the tax
years 1996 through 1998 and 2001 through 2003.  The sole issue
for decision is whether Keith Roberts may increase his at-risk
amount in his single member limited liability company (LLC) under

section 465.[1]  For the reasons stated herein, we conclude that no such increase is allowable.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.  At the time the petition was filed, Jane Roberts (hereinafter Mrs. Roberts) resided in Indiana.  Keith Roberts (hereinafter Mr. Roberts) passed away before the petition was filed.

In April 2001 Mr. Roberts filed articles of organization under Indiana law for "CTI Leasing LLC" and became its sole member.  For Federal tax purposes CTI Leasing LLC was a disregarded entity.

Mrs. Roberts owned no interest in CTI Leasing LLC but filed joint returns with Mr. Roberts for the years at issue.  She is the surviving spouse of Mr. Roberts and the personal representative of his estate.

CTI Leasing LLC was created for the purpose of leasing transportation equipment to a related entity, Central Trucking, Inc. (Central Trucking).  Central Trucking was an S corporation of which Mr. Roberts was sole shareholder.  Under a lease

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

agreement between CTI Leasing LLC and Central Trucking, all transportation equipment owned by CTI Leasing LLC was leased to Central Trucking. In return Central Trucking was obligated to pay CTI Leasing LLC the principal and interest financing cost for each unit plus $25 per month.

On October 21, 2002, Mr. Roberts lent CTI Leasing LLC $425,000. The following day he received back a promissory note in that amount. CTI Leasing LLC then used the $425,000 to purchase a cashier's check in the same amount. The cashier's check was used toward the purchase of a 2003 Vantare H3-45 Super S2 RV (RV) for $1,392,714. Vantare RVs are custom-built, fully furnished, luxury coach RVs known for their "yacht quality fit and finish".

The RV was purchased on October 31, 2002. The name on the purchase documents was "Keith Roberts, DBA CTI Leasing" and title was in the name of "CTI Leasing". "CTI Leasing" was not a registered business entity in the State of Indiana. "CTI Leasing LLC" did not operate under the name "CTI Leasing".

Central Trucking's employer identification number (EIN) was on the purchase documents for the RV. Central Trucking and CTI Leasing LLC were listed with separate EINs on Mr. Roberts' Form W-2, Wage and Tax Statement, and on the Form 1040, U.S. Individual Income Tax Return, of Mr. and Mrs. Roberts for 2001.

The Internal Revenue Service (IRS) conducted an audit of Mr. Roberts' income tax returns from June 2003 through November 2004. During the audit the IRS was able to interview representatives of CTI Leasing LLC multiple times. CTI Leasing LLC representatives also supplied a multitude of business documents to the IRS.

During the audit representatives of CTI Leasing LLC reported no outstanding loans from Mr. Roberts to CTI Leasing LLC. One loan for $77,000 payable to the shareholder did exist at the close of 2001; however, this reflected a loan that was actually from Central Trucking to CTI Leasing LLC, which was paid off a few months after the end of 2001. The representatives never reported that CTI Leasing LLC owned the RV. In addition, the 2002 depreciation schedule for CTI Leasing LLC does not list the purchase of such an asset in 2002. No evidence was introduced at trial that the RV was included in the lease between CTI Leasing LLC and Central Trucking.

On December 16, 2005, respondent issued a notice of deficiency to Mrs. Roberts. Mr. Roberts had passed away by that date. Respondent determined the following deficiencies:

| Year | Deficiency |
| --- | --- |
| 1996 | $206,753 |
| 1997 | 585,923 |
| 1998 | 154,992 |
| 2001 | 329,151 |
| 2002 | 321,860 |
| 2003 | 228,186 |

Petitioners timely petitioned this Court contesting respondent's determination. A trial was held in Indianapolis, Indiana.

Before trial petitioners and respondent settled most of the issues in dispute; however, they still disagree whether Mr. Roberts was entitled to increase his amount at risk in CTI Leasing LLC as a result of his $425,000 loan. This is the sole issue remaining for our consideration.

OPINION

I. Section 465 in General

Section 465(c)(1)(C) provides that the section 465 at-risk rules apply to taxpayers engaged in the activity of leasing section 1245 property. The transportation equipment CTI Leasing LLC leased to Central Trucking was section 1245 property under section 1245(a)(3). Therefore, the section 465 at-risk rules apply in this case.

Section 465(a) limits the losses a taxpayer may deduct with respect to a particular activity to the "aggregate amount with respect to which the taxpayer is at risk * * * for such activity". Alexander v. Commissioner, 95 T.C. 467, 469 (1990), affd. without published opinion sub nom. Stell v. Commissioner, 999 F.2d 544 (9th Cir. 1993). A taxpayer's amount at risk includes the amount of money and the bases of property contributed to an activity. Sec. 465(b)(1)(A). The amount at risk also includes amounts borrowed with respect to such

activity. Sec. 465(b)(1)(B). Pursuant to section 465(b)(2)(A), amounts borrowed with respect to an activity include "amounts borrowed for use in an activity to the extent that * * * [the taxpayer] is personally liable for the repayment of such amounts." Notwithstanding the foregoing provisions, a taxpayer's amount at risk does not include amounts protected against loss through nonrecourse financing, guaranties, stop loss agreements, or other similar arrangements. Sec. 465(b)(4).

## II.  Burden of Proof

Generally, taxpayers bear the burden of proving, by a preponderance of the evidence, that the determinations of the Commissioner in a notice of deficiency are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Griffin v. Commissioner, 315 F.3d 1017, 1021 (8th Cir. 2003), vacating T.C. Memo. 2002-6. Petitioners do not argue that section 7491 causes the burden of proof to shift to respondent, and they have not established that they meet the requirements of section 7491(a)(2)(A) and (B).

## III.  Arguments of the Parties

Respondent argues that section 465(b) precludes Mr. Roberts from increasing his amount at risk in CTI Leasing LLC as a result of the $425,000 loan as the LLC was a disregarded entity not

separate from him for tax purposes.  Respondent also contends that the Mr. Roberts personally owned and used the RV and that the $425,000 was therefore not includable as an amount at risk.

Petitioners argue that CTI Leasing LLC in fact owned and used the RV and therefore Mr. Roberts' amount at risk was properly increased under section 465.  Petitioners also contend that the $425,000 was a capital contribution rather than a loan for purposes of section 465.

IV.  Ownership and Use of the RV

As stated previously, respondent claims that CTI Leasing LLC did not own or use the RV but that Mr. Roberts owned and used it personally.  Respondent argues that if CTI Leasing LLC did not own or use the RV, then Mr. Roberts did not contribute any amount to CTI Leasing LLC or lend any amount for CTI Leasing LLC's use and therefore would not be able to increase his amount at risk in the activity under section 465(b)(1)(A) and (2).

Petitioners contend the RV was in fact a business asset owned and used by CTI Leasing LLC and that Mr. Roberts' amount at risk in CTI Leasing LLC was therefore properly increased under section 465(b)(1)(A) and (2).

A.  <u>No Indication of Ownership of RV by CTI Leasing LLC</u>

The 2002 depreciation schedule for CTI Leasing LLC does not list the purchase of a Vantare RV in 2002.  CTI Leasing LLC's failure to list the RV on its depreciation schedule is evidence that it was not the true owner of the RV.

Additionally, during the IRS audit of Mr. Roberts' returns, neither Mr. Roberts nor representatives of CTI Leasing LLC ever reported ownership of a Vantare RV by CTI Leasing LLC.  CTI Leasing LLC representatives also stated that it had no outstanding loans from Mr. Roberts at the end of 2002.  This is evidence that the RV was purchased with the personal funds of Mr. Roberts and was not intended for use by CTI Leasing LLC.

B.  <u>Title of RV Recorded in Name of "CTI Leasing"</u>

Mr. Roberts recorded the title of the RV under the name "CTI Leasing" and signed the bill of sale as "Keith Roberts DBA CTI Leasing".  Petitioners argue this is evidence that CTI Leasing LLC is the owner of the RV.  However, petitioners produced no evidence that "CTI Leasing LLC" did business as "CTI Leasing". Standing alone, the similarity between "CTI Leasing LLC" and "CTI Leasing" is not conclusive, as it is possible CTI Leasing could be a separate business from CTI Leasing LLC.  See, e.g., <u>Loewen-Am., Inc. v. Advance Distrib. Co.</u>, No. 79-1230C(2), 1981 U.S. Dist. LEXIS 17745, at *2 (E.D. Mo. Nov. 23, 1981) ("'Advance Distributing Company' and 'Advance Distributing Company, Inc.'

are separate entities."); see also <u>Clarke Auto Co. v. Fyffe</u>, 116 N.E.2d 532, 534 (Ind. Ct. App. 1954) (Clarke Auto Co., Inc. "was an Indiana corporation organized in 1946 * * * there was another Indiana corporation organized in 1949 known as Clarke Auto Co. of Indiana, Inc.").

State law determines the requirements an entity must meet to act under a "doing business as" (d.b.a.) name. See, e.g., <u>Pro Edge, L.P. v. Gue</u>, 374 F. Supp. 2d 711, 744 (N.D. Iowa 2005) (Federal court looks to State law to determine whether use of a fictitious business name was proper.). "CTI Leasing LLC" was the name on the articles of organization. Ind. Code Ann. sec. 23-15-1-1(e)(5) (LexisNexis Supp. 2009) provides that if an LLC wishes to do business under a name other than the name on its articles of organization, the LLC must file a certificate stating the assumed name with the Indiana secretary of state.

Petitioners produced no evidence that CTI Leasing LLC was authorized by the Indiana secretary of state to do business as "CTI Leasing". Nor have petitioners produced any other evidence that CTI Leasing LLC has ever done business as "CTI Leasing".

We must however consider the fact that "CTI Leasing" might have sufficed as a shorthand reference in the mind of Mr. Roberts at the time he made out the title and the bill of sale. In the light of the above facts, we find the fact that "CTI Leasing" was

on the title and bill of sale only slightly favors petitioners' ownership argument.

C.   Use of Central Trucking's EIN on the RV Title

CTI Leasing LLC and Central Trucking each had an individual EIN.  Mr. Roberts put Central Trucking's EIN on the RV title. Respondent argues this is evidence that CTI Leasing LLC was not the owner of the RV.  Petitioners contend that CTI Leasing LLC was not required to have an EIN, and therefore the fact that CTI Leasing LLC's EIN was not on the title is not evidence of ownership by an entity other than CTI Leasing LLC.

Petitioners are correct that CTI Leasing LLC, being a single-member disregarded entity, was not required to have and/or use an EIN.  See sec. 301.6109-1(h)(2)(i), Proced. & Admin. Regs. However, that section provides:  "a single owner entity that is disregarded as an entity separate from its owner * * * must use its owner's taxpayer identifying number (TIN) for federal tax purposes."  Because CTI Leasing LLC was a disregarded entity, it would have been required to use Mr. Roberts' TIN for Federal tax purposes.

We find no support for the proposition that there is a Federal tax purpose in putting a TIN/EIN on title to a vehicle. One possible argument for the proposition could be that ownership of the RV would determine which entity would be permitted to claim depreciation deductions from Federal income tax under

section 167.  <u>Arevalo v. Commissioner</u>, 124 T.C. 244, 251-252 (2005), affd. 469 F.3d 436 (5th Cir. 2006); <u>Travelers Ins. Co. v. St. Jude Hosp.</u>, Nos. 90-1983, 90-2601, 1992 WL 364999 (E.D. La. Nov. 24, 1992).  However, "Depreciation deductions are based on an investment in and actual ownership of property rather than the possession of bare legal title."  <u>Arevalo v. Commissioner</u>, <u>supra</u> at 252 (citing <u>Grant Creek Water Works, Ltd. v. Commissioner</u>, 91 T.C. 322, 326 (1988)).  It follows that for Federal tax depreciation purposes the EIN/TIN on the RV title will not determine which entity may claim depreciation for the RV.  We find no Federal tax purpose in the TIN/EIN on a vehicle title.

As no Federal tax purpose existed, section 301.6109-1(h)(2)(i), Proced. & Admin. Regs., did not require Mr. Roberts to put his own TIN on the RV title if CTI Leasing LLC was the owner.  Additionally, we can find no support for the proposition that a TIN/EIN on a title is evidence of ownership when no specific TIN/EIN was required.  Therefore, we find that putting of Central Trucking's EIN on the RV title is a neutral factor when considering ownership of the RV.

D.  <u>Use of the RV by CTI Leasing LLC</u>

Petitioners claim that the RV was leased to Central Trucking pursuant to the lease agreement between CTI Leasing LLC and Central Trucking and was therefore used by CTI Leasing LLC.

Petitioners, however, introduced no evidence that the RV was included in the lease or that the RV was used by CTI Leasing LLC for any purpose. Petitioners having failed to introduce any probative evidence that the RV was included in the lease or used by CTI Leasing LLC in any way, we find that petitioners' claims regarding use of the RV are not sustainable.

E. Conclusion on Ownership and Use of the RV

Considering the above arguments, we find that petitioners have not met their burden of proving that CTI Leasing LLC owned the RV. Additionally, petitioners produced no probative evidence regarding use of the RV. Petitioners have therefore failed to establish that the RV was used in the business of CTI Leasing LLC and was not solely used by Mr. Roberts for personal use.

V. Effect of the Loan on Amount at Risk

Section 465(b)(1)(A) provides that a taxpayer is at risk for amounts contributed "to the activity". Because we find CTI Leasing LLC did not own or use the RV, we conclude the $425,000 was not contributed "to the activity" of CTI Leasing LLC.

Section 465(b)(2) provides that a taxpayer is at risk for amounts borrowed "for use in an activity". Because we find CTI Leasing LLC did not use the RV, as part of the lease or otherwise, we conclude the $425,000 was not borrowed "for use in [the] activity" of CTI Leasing LLC.

The $425,000 loan does not satisfy the requirements of either section 465(b)(1)(A) or (2).  Therefore, Mr. Roberts was not entitled to treat any of the $425,000 as an amount for which he was at risk in CTI Leasing LLC under section 465.

"The amount at risk is the amount of money the taxpayer has invested in the business * * * <u>that may actually be lost from the activity</u>."  <u>Oren v. Commissioner</u>, 357 F.3d 854, 859 (8th Cir. 2004) (emphasis supplied), affg. T.C. Memo. 2002-172.  Because petitioners have failed to establish the $425,000 was contributed to or used in the business of CTI Leasing LLC, we find the $425,000 is not considered an amount for which Mr. Roberts was at risk.

VI.  <u>Conclusion</u>

For the reasons discussed hereinabove, we find that Mr. Roberts was not entitled to increase his amount at risk in CTI Leasing LLC under section 465.  Accordingly, we sustain respondent's determination with respect to the issue.

To reflect the foregoing and the settled issues,

<u>Decision will be entered</u>

<u>under Rule 155</u>.