■ CHARLES L. CHREIN, Appellant, v CAROL HORN et al., Respondents. [718 NYS2d 334] —Order, Supreme Court, New

York County (Phyllis Gangel-Jacob, J.), entered November 1, 1999, which, *inter alia*, denied plaintiff's motion for leave to sue, nunc pro tunc, his former wife as temporary receiver of his property, and the temporary receiver's attorneys, unanimously affirmed, with costs. Pursuant to 22 NYCRR 130-1.1, plaintiff-appellant is directed to pay defendant-respondent Horn $5,000 as her reasonable attorneys' fees incurred in responding to this appeal.

All of plaintiff's claims against the temporary receiver concerning certain real estate and IRA and pension accounts are barred by the parties' stipulation, entered into on March 24, 1995 and incorporated into their judgment of divorce entered April 6, 1995. Therein, plaintiff agreed to the termination of the temporary receivership without an accounting, further agreed to be solely responsible for any and all mortgage debts, taxes and other expenses relating to such real estate, and further agreed to the transfer of such accounts to the temporary receiver. The temporary receiver's actions in causing the cancellation of plaintiff's charge cards were consistent with her duties to take possession of and safeguard all marital assets, which the IAS Court had previously determined plaintiff was dissipating and hiding. Signed letters by plaintiff and various of his clients demonstrate that he had unrestricted access to his client files at all pertinent times; notably, the stipulation, dated well after the alleged denial of access, discharges the temporary receiver of her obligations with respect to such files. The United States savings bonds, purportedly the property of plaintiff's son by a previous marriage, which were purchased two months after plaintiff had been restrained from transferring assets and the appointment of the temporary receiver, state, on their face, that they are to be paid to the son or plaintiff, and were thus properly in defendant's possession. The claims against the temporary receiver's attorneys were properly dismissed as barred by the three-year professional malpractice Statute of Limitations, and for lack of any showing of privity (*see, Weiss v Manfredi*, 83 NY2d 974, 977). The IAS Court did not convert defendants' motion to dismiss on the ground of a defense based on the documentary evidence into one for summary judgment, defendants' affidavits on the motion serving mostly to review the procedural history of the underlying matrimonial action, with which the IAS Court was already familiar. Plaintiff's questioning of the IAS Court's impartiality is unfounded. The court's references to his violation of court orders, unsuccessful attempt to hide and dissipate marital assets, perjury as to his claimed impoverishment and conviction for failure to file tax returns all served to provide

appropriate factual background to the stipulation and other documents under which plaintiff waived his current claims.

In light of the frivolous character of the appeal and plaintiff's egregious assertions in the course of prosecuting it, which clearly reveal the vexatious nature of plaintiff's litigation tactics, we award costs pursuant to 22 NYCRR 130-1.1 *et seq.* to the extent indicated. Concur—Tom, J. P., Ellerin, Rubin, Saxe and Buckley, JJ.