**UNITED STATES of America, Plaintiff,**

**v.**

**Charles CHREIN, 220 East 57th Street Owners, Inc., 220 East 57th Street Associates, Corinne Winter, Ross Ellis and John Does 1–10, Defendants.**

**No. 04 Civ. 4367(JSR).**

United States District Court, S.D. New York.

May 4, 2005.

is not accepted as true for the purposes of a motion to dismiss. *Mason v. Amer. Tobacco Co.*, 346 F.3d 36, 39 (2003).

Danna Drori, Kathleen A. Zebrowski, Asst. U.S. Atty., S.D.N.Y., New York City, for Plaintiff.

Adam Leitman Bailey, The Law Firm of Adam Leitman Bailey, P.C., New York City, Frank Agostino, Calo Agostino, P.C., Hackensack, NJ, for Defendants.

William M. Rifkiin, Reed Smith LLP, New York City, for Claimant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

On June 9, 2004, the Government filed this cause of action to reduce to judgment the federal tax liabilities of defendant Charles Chrein, totaling $556,914.81 as of January 14, 2005 (with interest still accruing since then), for the following 11 years: 1981, 1982, 1989, 1991, 1993, 1995, 1996, 1997, 1998, 1999, and 2002 (the "Relevant Tax Years").[1] In addition, the original Complaint sought to foreclose on certain tax liens levied on real and personal property owned by Chrein, but on August 4, 2004, the Government filed an Amended Complaint that now seeks to foreclose only on the tax liens levied on certain of Chrein's personal property, specifically, his interests in four co-op apartments located at 220 East 57th Street, New York, NY, on which Chrein also possesses proprietary leases.

On August 6, 2004, the Court bifurcated these two claims, placing the foreclosure claims on the Suspense Calendar pending the resolution of the claim to reduce Chrein's liabilities to judgment. On August 20, 2004, Chrein (then represented by counsel, but now proceeding *pro se*) filed his Answer, which included eleven counterclaims. *See* Answer & Counterclaims. Specifically, Chrein seeks (1) abatement of taxes, interest, and penalties (Counterclaims 1–3); (2) damages for alleged failure by the IRS to release federal tax liens for Tax Years 1981 and 1982 (Counterclaims 4–5); (3) damages for negligent collection of taxes from a receiver and trustee (Counterclaims 6–7); (4) a determination that the Government should bear the burden of proof in this action pursuant to 26 U.S.C. § 7491 (Counterclaim 8); (5) production of certain documents pursuant to the Freedom of Information Act, 5 U.S.C.

§ 552 ("FOIA") (Counterclaim 9); (6) the sale of certain apartments *pendente lite* (Counterclaim 10); and (7) production of certain documents pursuant to 26 U.S.C. § 7602(c)(2) (Counterclaim 11).

On January 14, 2005, the Government moved for summary judgment on its claim to reduce Chrein's liabilities to judgment and for summary judgment on, and/or dismissal, of Counterclaims 1 through 9 and 11. (Counterclaim 10 relates to the same apartments involved with the Government's foreclosure claim and therefore will only be considered during the second phase of these bifurcated proceedings.) For the following reasons, the Government's motion is granted in its entirety.

***The Claim to Reduce Chrein's Liabilities to Judgment: Timeliness.*** As to the Government's claim to reduce Chrein's tax liabilities to judgment, Chrein conceded in open court that the dates of assessment, the amounts of deficiency assessment, and the assessed balances for the Relevant Tax Years are correct. *See* transcript, March 25, 2005. They are summarized as follows:

| Tax Year | Date of Assessment | Amount of Deficiency Assessment | Assessed Balance |
|---|---|---|---|
| 1981 | Mar. 1, 1993 | $25,539.00 | $115,987.91 |
| 1982 | Feb. 7, 1994 | $ 614.00 | $ 22,627.20 |
| 1989 | Mar. 21, 1994 | $ 6,488.00 | $ 9,835.85 |
| 1991 | Mar. 21, 1994 | $41,650.00 | $ 68,317.98 |
| 1993 | Feb. 5, 1996 | $46,440.00 | $ 64,206.72 |
| 1995 | Feb. 9, 1998 | $36,958.00 | $ 13,231.52 |
| 1996 | Feb. 16, 1998 | $13,719.00 | $ 4,451.73 |
| 1997 | Nov. 23, 1998 | $ 5,248.00 | $ 738.55 |
| 1998 | Dec. 13, 1999 | $65,635.36 | $ 32,035.52 |
| 1999 | Sept. 18, 2000 | $ 5,706.00 | $ 169.86 |
| 2002 | Nov. 17, 2003 | $12,248.00 | $ 12,351.10 |

*See* Corrected Declaration of Arnold Rifkin, March 21, 2005 ("Corrected Rifkin Decl.") ¶ 13; Certificates of Assessments, Payments, and Other Specified Matters

---

1. Under 26 U.S.C. § 7402(a), once a taxpayer has been assessed liability by the Internal Revenue Service ("IRS"), the Government may proceed in district court to reduce the assessments to judgment.

("Certificates of Assessment") attached as Exhibits A–K to Declaration of Arnold Rifkin, January 13, 2005 ("Rifkin Decl."). However, as to the Tax Years 1981, 1982, 1989, and 1991, Chrein contests the timeliness of the action, arguing that the Collection Statute Expiration Dates ("CSEDs") for those Tax Years, which set the limitations period for the instant claim, expired prior to filing on the instant action on June 9, 2004. *See* 56.1 Statement of Charles L. Chrein ("Def.56.1.") ¶ 2 attached as an unmarked exhibit to the Affidavit of Charles L. Chrein, February 21, 2005 ("Chrein Aff.").

The claim here to reduce Chrein's liabilities to judgment is what the relevant statutes and regulations refer to as a "collection action." As a general matter, the IRS is required to bring any collection action against a delinquent taxpayer within ten years after the assessment of the tax. *See* 26 U.S.C. § 6502. However, the statute of limitations on collection actions is suspended while "the assets of the taxpayer are in the control or custody of the court in any proceeding before any court of the United States or of any State or of the District of Columbia, and for 6 months thereafter." 26 U.S.C. § 6503(b). The regulations makes clear that § 6503(b) applies when "all or substantially all of the assets of a taxpayer are in the control or custody of the court in any proceeding before any

court." 26 C.F.R. § 301.6503(b)–1. Where a receiver is appointed by a federal or state court, "the assets of the taxpayer are in general under the control of the court in which such proceeding is pending." 26 C.F.R. § 301.6331–1.

■ Here, while the IRS made assessments for Tax Years 1981, 1982, 1989 and 1991 on March 1, 1993, February 7, 1994, March 21, 1994, and March 21, 1994, respectively, *i.e.*, more than ten years before the filing of the instant action, *see* Corrected Rifkin Decl. ¶ 13; Certificates of Assessment, attached as Exhibits A–D to Rifkin Decl.; the ten-year collection limitations period was suspended during a period of time when substantially all of Chrein's assets were under the control of the New York Supreme Court, by operation of the appointment of Chrein's then-wife, Carol Horn Chrein ("Horn"), as receiver of both the marital assets and Chrein's personal assets. *See* Interim Order Preliminary to Judgment dated September 26, 1994, *Chrein v. Chrein*, No. 82049/86, New York Supreme Court, New York County ("Interim Order of the New York Supreme Court"), attached as Exhibit L to Declaration of Danna Drori, January 14, 2005 ("Drori Decl.")[2] Chrein has produced no admissible evidence demonstrating that other substantial assets existed that were not under the New York Supreme Court's control.[3]

---

**2.** In relevant part, the Order reads: "it was necessary for [the Court] to appoint a receiver of defendant's *income* and *assets* to preserve the estate and attempt to locate millions of dollars of secreted assets." Interim Order of the New York Supreme Court at 1 (Bates Stamp No. U.S. 877) (emphasis in original). Horn was appointed receiver on June 23, 1994. *See* Order dated June 23, 1994, *Chrein v. Chrein*, 82049/86, New York Supreme Court, New York County, attached as Exhibit K to Drori. Decl. Horn remained receiver until her resignation on April 5, 1995. *See* Endorsed Affidavit of Carol Horn Chrein dated April 5, 1995, *Chrein v. Chrein*, 82049/86,

New York Supreme Court, New York County ("Endorsed Order dated April 5, 1995"), attached as Exhibit M to Drori Decl.

**3.** Chrein argues, *inter alia*, that "the best evidence of assets not in control or custody of any court was the apartment [No.] 31B, located at 1725 York Avenue, in Manhattan." Def. Mem. at 12. This argument is unavailing, as the New York Supreme Court made clear that it granted Horn "exclusive use and occupancy" of that apartment. Interim Order of the New York Supreme Court at 2 (Bates No. U.S. 878). If that were not enough, Chrein relied on a poverty defense—in which he ef-

By virtue of Horn's receivership, the collection limitations period was suspended for 466 days—*i.e.*, the 286 days of Horn's receivership (between June 23, 2004 through April 5, 1995) plus an additional 6 months pursuant to 26 U.S.C. § 6503(b). Adding 466 days to March 1, 1993 (or the earliest of the assessment dates at issue in this litigation) results in a new statute of limitations expiration date of June 9, 2004.[4] Accordingly, since the Government commenced its collection action on that very same day, June 9, 2004, the collection action for all the Relevant Years was timely.

***The Claim to Reduce Chrein's Liabilities to Judgment: Interest and Penalty Computations.*** As noted, Chrein has conceded that the Government's calculations of the principal amounts due, *i.e.*, the amounts of the deficiency assessments, are accurate. *See* transcript, March 25, 2005; Def. 56.1 ¶ 2. Now that timeliness has been established, the only remaining issue on the Government's claim to reduce Chrein's liability to judgment is whether the Government has properly calculated the amounts of interest and penalties owing. As of January 14, 2005, the Government calculates Chrein's total tax liabilities for the Relevant Years as $556,914.81. *See* Pl. 56.1 ¶ 8; Corrected Rifkin Decl. ¶ 18. Put more specifically:

| Tax Year | Total Balance Owed (as of Jan. 14, 2005) |
|---|---|
| 1981 | $137,755.21 |
| 1982 | $ 51,350.89 |
| 1989 | $ 20,729.02 |

| 1991 | $106,325.19 |
|---|---|
| 1993 | $130,669.53 |
| 1995 | $ 24,799.48 |
| 1996 | $ 13,877.22 |
| 1997 | $ 1,883.15 |
| 1998 | $ 54,482.43 |
| 1999 | $ 580.63 |
| 2002 | $ 14,462.06 |

*See* Corrected Rifkin Decl. ¶ 18.

■■■ It is well established that the IRS's tax calculations (including calculations of interest and penalties) are presumptively valid and create a *prima facie* case of liability, such that the Government is "entitled to have the assessment reduced to judgment unless the taxpayer overcomes the presumption by the IRS that the assessment is correct." *Chariot Plastics, Inc. v. United States*, 28 F.Supp.2d 874, 881 (S.D.N.Y.1998); *see also, e.g., United States v. Lorson Electric Co., Inc.*, 480 F.2d 554, 555 (2d Cir.1973) (per curiam). Thus, the burden is on the taxpayer to disprove the computations made by the Commissioner of the IRS. *See Environmental Defense Fund v. United States*, No. 91 Civ. 7232, 1997 WL 289412, at *4 (S.D.N.Y. June 2, 1997).

In the case at bar, Chrein has not overcome the presumption that the IRS's assessments of interest and penalties are correct. Chrein argues that the relevant CSEDs expired prior to the commencement of this collection action. *See* Def.

---

fectively represented to that court that he did not possess assets other than those under that court's control—during his divorce proceedings before the New York Supreme Court. *See Chrein v. Horn*, 278 A.D.2d 178, 179, 718 N.Y.S.2d 334 (1st Dep't 2000) (referencing Chrein's claims of "impoverishment").

4. The Court notes that Chrein's suggestion that § 6503(b) extends the statute of limitations by only 454 days, *see* Computation of "CSED" Dates for Tax Period—Years 1981, 1982, 1989, and 1991, attached to Letter of Charles L. Chrein, March 28, 2005 ("Chrein Computation"), is unpersuasive, given that Horn was undisputably the receiver until April 5, 1995, *see* Endorsed Order dated April 5, 1995.

Mem. at 9, 14; Chrein Computation. Chrein's focus on the CSED dates, however, ignores the implication of 26 U.S.C. § 6503(b), which, here, expanded the limitations period, thereby extending the CSEDs, thus making the original CSEDs inapplicable. Similarly, Chrein's reliance on *United States v. McPhilamy,* 16 B.R. 160 (W.D.Va.1981) and on 26 C.F.R. § 301.6781(a)–2 is misplaced, as the former discusses § 6503 in the context of a bankruptcy and the latter is applicable to a bankruptcy or receivership proceeding where the court required creditors to file a proof of claim, neither of which is the case here.

Accordingly, the Court hereby grants the Government's motion for summary judgment reducing to judgment Chrein's tax liabilities totaling $556,914.81 as of January 14, 2005, plus whatever interest has accrued since then.

■ *Counterclaims 1–3.* Turning to the counterclaims, Chrein bases jurisdiction for his first three counterclaims—which assert claims for abatement of tax (Counterclaim 1), penalty (Counterclaim 2), and interest (Counterclaim 3)—on 28 U.S.C. § 1346(a)(1). However, it is well-settled that § 1346(a)(1) "require[s] full payment of an assessed tax *before* a taxpayer can invoke the jurisdiction of the district court for the refund of any portion of such tax," *United States v. Forma,* 42 F.3d 759, 763 (2d Cir.1994) (emphasis supplied); *see also Flora v. United States,* 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (reading 28 U.S.C. § 1346(a)(1) to require full payment of an assessed tax before a taxpayer can invoke the jurisdiction of the district courts for the refund of any portion of such tax). Here, as Chrein has not paid in full his tax assessments, he is jurisdictionally barred from challenging those assessments. Accordingly, the Court hereby dismisses Counterclaims 1, 2, and 3.

■ *Counterclaims 4 and 5.* Chrein next asserts that he is entitled to damages, pursuant to 26 U.S.C. § 6325, for the IRS's failure to release his federal tax liens for tax liabilities relating to Tax Years 1981 (Counterclaim 4) and 1982 (Counterclaim 5). However, while Chrein did initially receive two Certificates of Release of Federal Tax Lien Forms (Forms 668(Z)) dated September 14, 2004, that are relevant to those Tax Years, he subsequently received two Revocations of Certificate of Tax Liens (Forms 12474) that made the initial releases a nullity. *Compare* Forms 668(Z), *with* Forms 12474, attached as Exhibit 14 to Chrein Aff.; *see also In re Becker,* 407 F.3d 89 (2d Cir. 2005) (statute of limitations does not bar the IRS from reinstating a tax liability abated through clerical error). Accordingly, Counterclaims 4 and 5 are hereby dismissed.

■ *Counterclaims 6 and 7.* Chrein also asserts two counterclaims, pursuant to 26 U.S.C. § 6901, alleging that the IRS was negligent in failing to collect some of his taxes from Ms. Horn while she was the receiver (Counterclaim 6) and trustee (Counterclaim 7) of his personal and the marital assets. But this was not a case where Chrein's assets were being permanently transferred to a third party or where he was being rendered completely insolvent. Rather than undertaking the added complexities and burdens of proceeding against Horn, whose receivership could end at any time, the IRS reasonably chose to proceed further against Chrein, the taxpayer-transferor. This was well within the IRS's prerogative. *See Kreps v. Comm'r,* 351 F.2d 1, 8–10 (2d Cir.1965). Accordingly, Counterclaims 6 and 7 are hereby dismissed.

*Counterclaim 8.* Counterclaim 8, made pursuant to 26 U.S.C. § 7491, seeks to remove the presumption of validity that

ordinarily applies to the IRS calculations, *see infra*. But Chrein has utterly failed to introduce credible or even competent evidence that the Government has improperly calculated the applicable collection limitations periods or that the Government has improperly calculated Chrein's current federal tax liabilities (including interest and penalties). *See* 26 U.S.C. § 7491; *Griffin v. Comm'r*, 315 F.3d 1017, 1021 (8th Cir.2003). Accordingly, Counterclaim 8 is hereby dismissed.

*Counterclaim 9.* On March 20, 2003, Chrein made a FOIA request to the IRS for certain files relating to his tax liabilities. *See* Declaration of Nathan Rosen, December 6, 2004, ¶ 2. Specifically, according to Chrein, he asked for:

> All notes, letters, memorandum, contact history sheets, audit reports, correspondence, IRS forms, liens and levies or other documents prepared by or received by the IRS which refer or relate to the assessment and/or collection of my federal income taxes; (2) All transcripts of account, record of assessments and abatements and other documents reflecting all account activity and/or collection of my federal income taxes; and (3) All documents, correspondence, transcripts of account and other information that relate, indirectly, to the assessment and/or collection of my federal income taxes, such as TEFRA related adjustments, etc. together with all underlying documents and other information in connection therewith.

Def. Mem. at 25. On June 30, 2003, the IRS informed Chrein that it had located 915 pages of responsive material, of which it would release 753 pages in full and 97 pages in part, while withholding 65 pages in full. *See id.* Chrein appealed and, as a result, obtained much of what had been previously withheld, but still leaving 10 pages withheld in full and 81 pages withheld in part. Chrein Aff. at 21.

■ By Counterclaim 9, Chrein seeks to have this Court review and reverse the IRS's withholding of these remaining materials, on the ground that the withheld materials are likely to be relevant and material to the issues in this case. Chrein Aff. at 10, ¶ 3. But what Chrein is entitled to in this respect is governed, not by FOIA, but by the Federal Rules of Civil Procedure, under which Chrein has already received all the discovery he is entitled to in this case. Put another way, a FOIA request cannot be used as simply a way to get around the discovery rules, and limitations, of a civil action. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143, n. 10, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). Accordingly, the Court hereby dismisses Counterclaim 9.

*Counterclaim 11.* Chrein's final counterclaim, really another disguised discovery request, vaguely contends that the Government has failed to turn over all that it is required to turn over under 26 U.S.C. § 7602(c)(2), which provides that "[t]he Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer." But a careful review of that Government's submissions demonstrates that the Government has, in fact, fully complied with § 7602. *See* Pl. Mem. at 28; Plaintiff's Responses and Objections to Defendant Charles L. Chrein's First Set of Interrogatories and First Request for Production of Documents at 15, attached as Exhibit P to Drori Decl. Accordingly, Counterclaims 11 is hereby dismissed.

For the foregoing reasons, the Clerk is directed to enter partial judgment dismissing all of defendants' counterclaims except Counterclaim 10, and to enter partial judgment in favor of the United States and against Charles Chrein in the sum of

$556,914.81 as of January 15, 2004. (Further interest accrued subsequent to that date will be included in the final judgment entered at the close of the case.) Additionally, the Clerk is directed to remove the remaining portion of this case (dealing with foreclosure) from the Suspense Calendar and to place it on the Active Calendar. Finally, Mr. Chrein and counsel for all parties are directed to appear in Courtroom 14–B, U.S. Courthouse, 500 Pearl Street, New York, N.Y. at *4:00 p.m. on May 11, 2005* to schedule all remaining proceedings in this case.

SO ORDERED.